UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:12cr84 (AWT) |
| VS. | |
| JILL PLATT | AUGUST 20, 2013 |

**DEFENDANT JILL PLATT'S**
**MOTION FOR RELEASE PENDING APPEAL**

I. Introduction

The Defendant Jill Platt respectfully moves this Court, per 18 U.S.C. §§ 3143(b) and 3145(c), to continue her release on bail pending appeal. By its prior release orders, the Court necessarily determined that Platt is neither dangerous nor a flight risk. *See* 18 U.S.C. § 3143(b)(1)(A). And Platt's long-term compliance with her bail conditions validates those conclusions. Finally, her conviction was for non-violent offenses.

The remaining queries, then, are **First**, is does Platt's appeal raise a "substantial question" likely to result in "reversal," *id.* § 3143(b)(1)(B)(i) – *i.e.*, a "close question or one that very well could be decided the other way"? *U.S. v.Randell*, 761 F.2d 122, 125 (2d Cir. 1985) (citation and internal quotes omitted).

**Second**, are there "exceptional reasons" rendering detention "[in]appropriate," *id.* § 3145(c) – *e.g.*, an "unusual legal or factual" situation, a "novel" issue of law or a "Challenge " to a statute's "applicability" to charged conduct? *U.S. v. DiSomma*, 951 F.2d 494, 497-98 (2d Cir. 1991) (citation omitted) affirmatively.

II. <u>Appropriate Law</u>

The statute governing release after a conviction, U.S.C. §3143(b), provides *inter alia*, as follows:

> **(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
> **(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> **(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> **(i)** reversal,
>
> **(ii)** an order for a new trial,
>
> **(iii)** a sentence that does not include a term of imprisonment, or
>
> **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

Furthermore, Section U.S.C. §3145( c) reads as follows;

> **(c) Appeal from a release or detention order.**--An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2),

> and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

III. Argument

### A. The Issue of Attorney-Client Privilege Will Be Raised on Appeal

As the Court knows, much of the Defendant Jill Platt's defense was based upon her reliance on statements from other members of the Gifting Tables that lawyers told them that the enterprise was legal. Indeed the "secretly taped meeting by Linda Valley bears out that Eileen Brennan told Platt that a lawyer had told her this.

At trial the government called Attorney William O'Connor who met with Brennan, Nancy Dillon, Joan Collins and Anne Jordan to discuss the legality of the Gifting Tables. At the government's request, the Court made a finding that the privilege was not applicable, even though, as here, at least one of the clients claimed the privilege against his testifying.

In finding that the privilege was inapplicable, this Court stated in part that, (paraphrasing, since a transcript is not yet available), even there was no Second Circuit law on point, he expected the Second Circuit, if called upon, to agree with his position. Thus, the trial court acknowledged that there was a territory without precedent in the Second Circuit.

As presented to the Court by Platt previously in Docket #142, the Restatement of the Law, The Law Governing Lawyers clearly comes down against one co-client having the authority to release the privilege with respect to other co-clients communications (Copy attached as Exhibit A).

**B. The Issue of Discriminatory Use of Witness Immunity**

At trial, the government immunized a witness from Florida who testified about participating in Gifting Tables in Florida and her connection with the defendant Donna Bello.

Again, seeking to bolster their claim of reliance upon statements made by other gifting table members about opinions and statements by lawyers as to the legality of the enterprise, defendants sought to have the government immunize Eileen Brennan and Nancy Dillon , both of whom had received "target letters" from the government, and both of whom, because of the threat of prosecution, asserted their Fifth Amendment Privilege against self-incrimination.

In *United States v. Praetorius*, 622 F.2d 1054, 1064 (2d Cir. 1980), the court recognized that the prosecution cannot selectively use immunity to prejudice defendants, where it has used immunity to compel testimony from its own witnesses. The question to be determined is whether witness for whom the defendant seeks immunity will be "material" to the case. Here, there is no question but that the testimony of Brennan and Dillon add another side to the conversion with O'Connor and is thus crucial to the defense case.[1]

As stated in *United States v. Burns*, 684 F.2d 1066, 1077 (2d Cir 1982), the Court summarized the requirements for compelling immunization of a witness:

> To sustain a requirement that use immunity be granted, a court must find that: (1) the government has engaged in discriminatory use of immunity to gain a tactical advantage or, through its own overreaching, has forced the witness to invoke the Fifth Amendment; and (2) the witness' testimony will be material, exculpatory and not cumulative and is not obtainable

---

[1] In *Praetorious*, the Court found that the witness for whom immunization was sought was not crucial to the defense case and upheld the District Court.

from any other source. Id.; United States v. Turkish, 623 F.2d 769, 776-78 (2d Cir. 1980), cert. denied, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981); United States v. Gleason, 616 F.2d 2, 28 (2d Cir. 1979), cert. denied, 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980).

The testimony of Brennan and Dillon would have been undeniably material to defendant's case, and certainly the government gained a tactical advantage by forcing them to invoke their Fifth Amendment Privilege, that is, that the jury only heard one person's version of the conversation: Attorney O'Connor. The government's refusal to immunize the two witnesses whom they threatened with prosecution foreclosed the jury from hearing another version of the meeting, where the legality of the Gifting Tables was discussed.[2]

Judge Jon O. Newman, in *United States v. Dolah*, 245 F.3d 98, 105 (2d Cir. 2001), discussed the concept in depth and summarized that (at 106),

> …we have consistently assumed that, in some limited circumstances, using the immunity device in a one-sided manner can result in basic unfairness that rises to the level of a violation of procedural due process.

**C. Exceptional Reasons Warrant the Release of Jill Platt Pending Appeal**

The Defendant Jill Platt was previously found not to pose a risk of flight or a danger to the community, is 65 years old and on Medicare. She has no criminal history, and the offense of conviction is non-violent. She is presently free until October 15 where she is required to voluntarily surrender herself to her designated institution by the BOP.

She has presented a substantial question of law which is could reasonably result in a reversal of her conviction. See *United States v. Randell*, 761 F.2d 122, 124-125 (2d Cir

---

[2] In *Burns*, the Court held that unlike the facts here, the testimony of the witnesses for whom immunity was sought was collateral to the issue of probable cause already litigated at a suppression hearing.

---) for the criteria for determining the existence of a substantial issue on appeal for the purpose of release.

This Court is not required to overturn its prior rulings or find that it would likely be reversed, to find that the defendant's issue is "substantial", rather it need only find that the issue raised is not frivolous. As discussed in Randell, supra, the legal requirement for a substantial issue

> … " *likely* to result in reversal or an order for a new trial" cannot reasonably be construed to require the district court to predict the probability of reversal.... Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal… A more appropriate interpretation of subsection (b)(2) thus requires a district court to determine first whether any question raised on appeal is a "substantial" one. The *Miller* court [*United States v. Miller*, 753 F.2d 19, 23-24 (3rd Cir 1985] defined a substantial question as "one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." 753 F.2d at 23. *Giancola* [*United States v Giancola*, 754 F.2d 898, 900-901 (11th Cir 1988], held that a substantial question "is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." 754 F.2d at 901.

IV. Conclusion

Under 18 USC §3145(c), if Jill Platt meets the conditions for release set forth in §3143(a)(1), she may be ordered released if it is clearly shown that that there are exceptional circumstances why her detention would not be appropriate. The Court in *United States v. Luciano*, 108 F.3d 1370, notes that "an unusual factual or legal question" may constitute exceptional circumstances, as may a "merely substantial question" combined with one or more remarkable and uncommon factors. *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir 1991).

Under the standards set forth by the Second Circuit, the defendant Jill Platt should be released on bond pending appeal.

                          THE DEFENDANT

                          */s/ Jonathan J. Einhorn*

                          JONATHAN J. EINHORN, ESQ.
                          129 WHITNEY AVENUE
                          NEW HAVEN, CT 06510
                          TEL NO. (203) 777-3777
                          Fed Bar ct 00163
                          einhornlawoffice@gmail.com

## CERTIFICATION

I hereby certify that on this 20th day of August, 2013, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Courts CM/ECF System.

                          /s/ *Jonathan J. Einhorn*
                          JONATHAN J. EINHORN