MANDATE

17-13 (L)
United States v. Platt

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 19th day of March, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                            *Appellee*,

                    v.                                    17-13, 17-18

JILL PLATT, DONNA BELLO,

                    *Defendants-Appellants*.[1]
_____

Appearing for Appellant Platt:     James Darrow, Federal Defenders of New York, Inc., Brooklyn, N.Y.

Appearing for Appellant Bello:     Norman Pattis, New Haven, CT

Appearing for Appellee:            Sarah P. Karwan, Assistant United States Attorney (Sandra S. Glover, Assistant United States Attorney, *on the brief*),

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

MANDATE ISSUED ON 04/10/2018

*for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Following resentencing, appellants Jill Platt and Donna Bello appeal from the amended judgments entered in the United States District Court for the District of Connecticut (Thompson, *J.*). We previously remanded to the district court for resentencing because the district court failed to make the particularized findings required by *United States v. Studley*, 47 F.3d 569 (2d Cir. 1995). *See United States v. Platt*, 608 F. App'x 22, 30-31 (2d Cir. 2015). We assume the parties' familiarity with the remaining underlying facts and procedural history, as well as the specification of issues for review.

This Court reviews sentencing decisions under the "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). In doing so, we must "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. We then turn to questions of substantive reasonableness. The Guidelines direct a district court to "impose a sentence sufficient, but not greater than necessary," to achieve the purpose of the sentence, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case. We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Cavera,* 550 F.3d at 189 (internal citation omitted) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Platt argues on appeal that her sentence was substantively unreasonable "because the district court gave undue weight to certain statutory sentencing factors and ignored or minimized other factors calling for a much more lenient sentence." Appellant Platt's Br. at 2. On its face, this appeal is therefore challenging the weight the district court assigned to various sentencing factors. As a reviewing court, "we do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." *Cavera,* 550 F.3d at 191 (internal citation omitted). We also observe that Platt received a below-Guidelines sentence and this Court has found that "[i]t is . . . difficult to find that a below-Guidelines sentence is unreasonable." *United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011).

Because Platt is essentially asking this Court to reweigh the factors considered by the district court and because we find that the district court considered the requisite factors under 18 U.S.C. § 3553(a) and committed no procedural errors, we cannot deem Platt's sentence substantively unreasonable. Platt's other arguments are also unavailing. The district court did not abuse its discretion in sentencing Platt to 30 months' imprisonment, a sentence that is 16 months below the bottom range of the Guidelines.

Bello raises several challenges to her sentence. She argues first that her sentence was a punishment for asserting her right to a jury trial. This Court has observed that "[a]ugmentation of sentence based on [the decision to proceed to trial] is, of course, improper." *United States v. Araujo*, 539 F.2d 287, 292 (2d Cir. 1976). But the *Araujo* court also acknowledged that "[a] show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial." *Id.* (quoting *United States v. Thompson*, 476 F.3d 1196, 1201 (7th Cir. 1973)). This view is shared by the Supreme Court, which has held that the gamble taken by defendants who choose to proceed to trial—"that, if he determines to exercise his right to plead innocent and to demand a jury trial, he will receive a higher sentence than would have followed a waiver of those rights"—is "an inevitable attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Chaffin v. Stynchcombe*, 412 U.S. 17, 31 (1973). There is no evidence in the record that indicates Bello was punished for proceeding to trial and we accordingly find that this claim is without merit.

Bello also argues that the district court erred in grouping together her offenses under U.S.S.G. § 3D1.2(d). As she concedes in her briefing, however, *United States v. Gordon*, 291 F.3d 181 (2d Cir. 2002) is directly on point and controls the outcome on this issue. Though Bello urges us to overturn that decision, we decline to do so. *In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) (holding that panel is generally "bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court" (quoting *United States v. Wilkerson*, 361 F.3d 717, 732 (2d Cir. 2004))). The district court was correct to characterize *Gordon* as "binding precedent," Bello App'x at 344-45, and thus committed no error in grouping Bello's offenses under U.S.S.G. § 3D1.2(d).

Bello also raises both procedural and substantive reasonableness challenges to her sentence. Bello argues it was error for the district court to decline to conduct a heartland analysis on resentencing, but "we have held in the post-*Booker* sentencing regime that 'a refusal to downwardly depart is generally not appealable,' and that review of such a denial will be available only 'when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.'" *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (quoting *United States v. Valdez*, 426 F.3d 178, 184 (2d Cir. 2005)). The district court explained its decision to not engage in a heartland analysis and explicitly compared the facts at resentencing to those at the initial sentencing to explain why the analysis was warranted at the first sentencing hearing, but not at the second. There is simply no basis to find error in the district court's decision to refrain from a heartland analysis in this case. Bello's argument regarding the district court's failure to impose a variance of equal proportion to the variance in the original sentence is clearly unavailing under the reasoning of *Gall*, 552 U.S. at 47-48.

We have considered the remainder of Platt's and Bello's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4